# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:00CR13

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | O R D E R |
| ) | |
| ) | |
| LAMAR SHAW ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is denied.

Section 3582 provides, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**18 U.S.C. § 3582(c)(2).** Defendant does not allege that the Sentencing Commission has lowered the sentencing range for the offense for which he

was convicted and sentenced. Instead, he argues that the amount of cocaine attributed to him was not alleged in the indictment nor submitted to the jury. **Motion to Correct Sentence, filed November 26, 2007, at 2.** And, he argues that any fact which increases the penalty for the crime beyond the statutory maximum must be submitted to a jury. *Id.* **(citing** *Apprendi v. New Jersey*, **530 U.S. 466 (2000)).**

Defendant is correct that the Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. However, *Apprendi* does not apply to his case because his sentence is not beyond the prescribed statutory maximum. **See, e.g., United States v. Bradford**, **7 F. App'x 222, 223 n.* (4th Cir. 2001) (citing *United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001)).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to correct sentence is **DENIED**.

3

Signed: December 11, 2007

Lacy H. Thornburg
United States District Judge